UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |     |                               |
|------------------------------|-----|-------------------------------|
| NANETTE STONE,               | *   |                               |
|                              | *   |                               |
| Plaintiff,                   | *   |                               |
|                              | *   |                               |
| v.                           | *   | Civil Action No. 18-cv-12609-ADB |
|                              | *   |                               |
| AMAZON CORPORATION WHOLE     | *   |                               |
| FOODS,                       | *   |                               |
|                              | *   |                               |
| Defendant.                   | *   |                               |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Nanette Stone ("Stone") brings this action in which she alleges that employees and patrons of "Amazon Corporation Whole Food" ("Whole Foods") harassed her and her daughter in stores in Massachusetts and three other states.  Stone also seeks leave to proceed *in forma pauperis*.  For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis* and dismiss this action.

I.      BACKGROUND

According to Stone's Complaint , she and her daughter arrived in Boston, Massachusetts, approximately two weeks before commencing this action.  [ECF No. 1].  They also visited Boston in 2017.  While in Boston, they frequent Whole Foods stores on a regular basis.  Stone reports that during these visits, Whole Foods staff and patrons follow Stone and her daughter around the store and film them using cell phones.  She believes that the persons filming her share her location with each other.

Stone reports that she has had similar experiences in Whole Foods Stores in Pennsylvania, New York, and Hawaii.  She believes that the alleged harassers are working with

each other across state lines.  Stone characterizes their alleged conduct as "mass stalking,"
"massive and controlled harassment," "gang activity that is organized, repetitive, threatening,
and in massive number," and a multistate "organized effort to discriminate, harass, terrorize and
silence."  *Id.* at 9, 10, 13.

Stone states that there is no valid reason to monitor her and her daughter while they are at
Whole Foods.  Stone represents that they pay for all of the items that they take, clean up after
themselves when they use an eating area, and are respectful.

Stone suspects that the harassment "is based [on] [her] outspoken actions on behalf of the
disabled, including [herself]."  *Id.* at 10.  Stone further asserts that the alleged aggressors are
attempting to "silence" her.  *Id.* at 11.

Stone represents that she has notified Whole Foods of this conduct by staff and patrons
and believes that, because the alleged misconduct takes place within plain view of the store
cameras, Whole Foods is or should already be aware of the conduct.  Stone maintains that Whole
Foods should use its "surveillance technologies" to ensure customer safety.  *Id.* at 8.

Stone states that Whole Foods has violated the "Persons with Disabilities Act," her right
to "Life Liberty and Pursuit of Happiness," and her right to be free from "Unlawful Search &
Seizure."  *Id.* at 15.  She seeks $25 million in damages for compensation and to permit her to pay
for "extreme security measures" for herself and her family.  *Id.* at 5.  She also asks for injunctive
relief for protection against the alleged harassers, changes in Whole Foods' policies and
procedures regarding customer safety, an investigation by the United States Department of
Justice "to determine, and bring clarity to who [] is beyond orchestrating harassment in places of
business like Amazon & Whole Foods," and review of programs "in place to help the poor."  *Id.*
at 6.

## II.     DISCUSSION

### A.     Motion for Leave to Proceed *in Forma* Pauperis

Upon review of Stone's motion for leave to proceed *in forma pauperis*, the Court concludes that she has adequately demonstrated her eligibility to proceed without prepayment of the filing fee.  Accordingly, the motion [ECF No. 2] is GRANTED.

### B.     Review of the Complaint

Because Stone is proceeding *in forma pauperis*, the Court conducts a preliminary review of her complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The plaintiff's obligation in establishing a claim "requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  A plaintiff must "nudge[] [her] claims across the line from conceivable to

plausible." *Twombly*, 550 U.S. at 570.   Determining whether a pleading meets the plausibility requirement is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Here, Stone alleges a multistate conspiracy by employees and patrons of Whole Foods to harass her and her daughter in retaliation for Stone's advocacy for the disabled.   These allegations fail to cross "the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, because they do not present "more than a sheer possibility that [Whole Foods] has acted unlawfully," *Iqbal*, 556 U.S. at 678.   Therefore, Stone has not set forth a claim upon which relief may be granted.

Further, to the extent that Stone is alleging that Whole Foods violated her constitutional rights under the Fourth, Fifth, or Fourteenth Amendments and to be free from unreasonable search and seizure and to due process, said claims also fail to set forth a basis for relief.   The rights secured by the Bill of Rights protect only against infringement by government actors. They do not apply to purely private conduct.   *See, e.g.*, *Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("The Bill of Rights is a negative proscription on public action—to simply apply it to private action is to obliterate 'a fundamental fact of our political order.'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982))).

## III.   CONCLUSION

In accordance with the foregoing, the Court hereby orders:

(1)     The motion for leave to proceed *in forma* pauperis [ECF No. 2] is GRANTED.

(2)     Pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is DISMISSED for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

May 13, 2019                                    /s/ Allison D. Burroughs
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE